UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN RANDALL SCHAMEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1199 TIA |
| | ) | |
| SCOTT LAWRENCE, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The motion appears to be barred by the statute of limitations. Therefore, the Court will direct petitioner to show cause why it should not be summarily dismissed.

Petitioner pled guilty to stealing a motor vehicle and driving while intoxicated. State v. Schamel, No. 07A9-CR00829-01 (Crawford County); State v. Schamel, No. 07A9-CR01511-01 (Crawford County). On November 25, 2008, the trial court sentenced petitioner to seven years' imprisonment and to long term substance abuse treatment under Mo. Rev. Stat. § 217.362. Section 217.362 allows for probation upon successful completion of the substance abuse program. On November 13, 2009, the trial court granted release under § 217.362 and entered judgment of seven years' imprisonment; the court, however, suspended the execution of the sentence. Petitioner did not appeal from the suspended sentence ("SES"). Subsequently, petitioner's probation was revoked.

Petitioner later filed four petitions for writ of habeas corpus in the state courts. He filed his first petition on April 4, 2013. Schamel v. Davis, No. 13WE-CC00025 (Webster County). The court dismissed the petition on May 6, 2013.

Under 28 U.S.C. § 2244(d):

(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Missouri, an unappealed criminal judgment becomes final ten days after it is entered. See Mo. Ct. R. 30.01(a); Mo. Ct. R. 81.04(a). At the latest, petitioner's time for filing a habeas petition began to run ten days after November 13, 2009, the date the trial court entered the SES. Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. State v. Nelson, 9 S.W. 3d 687, 688 (Mo.Ct.App.1999). Because petitioner did not appeal or file any motion for postconviction relief until April 4, 2013, the one-year limitations period expired in November 2010. As a result, it appears that the petition is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner is granted leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and no later than **August 7, 2014**, why the petition for writ of habeas corpus should not be dismissed as time-barred.

Dated this 7th day of July, 2014.

>/s/Terry I. Adelman
> TERRY I. ADELMAN
> UNITED STATES MAGISTRATE JUDGE