UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN RANDALL SCHAMEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:14-CV-1199 (CEJ) |
| | ) |
| SCOTT LAWRENCE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the petition of John Randall Schamel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. Background

At the time the petition was filed, petitioner was incarcerated at the Algoa Correctional Center pursuant to the sentences and judgments of the Circuit Court of Crawford County, Missouri.[1] On November 25, 2008, petitioner pled guilty to the class C felonies of driving while intoxicated, in violation of Mo. Rev. Stat. § 577.010, and stealing a motor vehicle, in violation of Mo. Rev. Stat. § 570.030. The trial court sentenced petitioner to concurrent seven-year terms of imprisonment, but suspended execution of his sentences and placed petitioner into Missouri's long-term treatment program pursuant to Mo. Rev. Stat. § 217.362. On November 13, 2009, the trial court placed petitioner under supervised probation for a two-year term. The trial court revoked petitioner's first term of probation on January 18, 2011, but retained jurisdiction to determine whether petitioner would

---

[1]It appears that petitioner has been released from prison. "Parole status does not deprive [the] federal court of jurisdiction over a habeas petition . . . because a parolee is still 'in custody.'" Jones v. Jerrison, 20 F.3d 849, 852 n.2 (8th Cir. 1994) (citing 28 U.S.C. § 2254(a)).

be granted a new term of probation under Mo. Rev. Stat. § 559.115. Resp't Ex. F, at 12-14. The trial court granted petitioner a second period of probation on April 18, 2011, placing him under supervision for a five-year term.

On October 20, 2011, petitioner's probation officer filed a probation violation report. Resp't Ex. C. On December 19, 2011, the prosecuting attorney filed motions to revoke petitioner's probation, citing the probation violation report. Resp't Ex. D, E. The trial court held a probation revocation hearing on the state's motions on May 3, 2012. Resp't Ex. F, at 16-22. At the conclusion of the hearing, the trial court found that petitioner had violated the conditions of his supervised probation, revoked his probation, executed his previously imposed sentences, and again placed him in Missouri's long-term treatment program under Mo. Rev. Stat. § 217.362. Id. at 17, 19.

On April 4, 2013, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Webster County, Missouri. After an evidentiary hearing, the post-conviction court set aside the trial court's May 3, 2012 order to place petitioner in the long-term treatment program as unlawful, because his successful completion of the program could lead to an unauthorized third term of probation. Resp't Ex. M at 3-5; see Mo. Rev. Stat. § 559.036. The post-conviction court declined to grant petitioner's request for discharge from his 2008-imposed seven-year sentences, finding that the trial court retained authority to correct its mistake and enter a lawful disposition on the state's probation revocation motions. Id. at 5-7. Petitioner filed petitions for a writ of habeas corpus and a writ of prohibition with the Missouri Court of Appeals, Southern District on June 10, 2013, which were summarily denied the next day.

On June 19, 2013, the trial court reconsidered sentencing for petitioner's probation revocation. Resp't Ex. R. The trial court took judicial notice of petitioner's seven-year sentences imposed on November 25, 2008, petitioner's May 3, 2012 admission to violating conditions of his probation, and the trial court's May 3, 2012 order revoking petitioner's probation and ordering execution of petitioner's previously imposed sentences. Id. at 23-24. The trial court noted its error in sentencing petitioner to the long-term treatment program under Mo. Rev. Stat. § 217.362. Thus, the trial court set aside that portion of the sentence and instead ordered execution of the 2008 sentences. Id. at 24. Thereafter, petitioner filed timely petitions for writs of habeas corpus in the Circuit Court of Cole County, Missouri, the Missouri Court of Appeals, Western District, and the Missouri Supreme Court. All of the petitions were denied. Resp't Ex. Y, AA, CC. On June 18, 2014, petitioner filed the instant petition for relief pursuant to 28 U.S.C. § 2254.

Petitioner presents five claims for relief: (1) the trial court failed to hold a new probation revocation hearing after the post-conviction court set aside the trial court's May 3, 2012 order as unlawful and unauthorized; (2) he did not receive written notice of the alleged violations of probation before the May 3, 2012 revocation hearing; (3) his counsel at the May 3, 2012 hearing was ineffective because she did not have a legal file on petitioner and agreed to an unlawful sentence; (4) the probation revocation court failed to make independent findings and conclusions at the May 3, 2012 hearing and simply accepted the probation officer's recommendation; and (5) he was not informed of his right to appointed counsel at the January 18, 2011 probation revocation hearing. Petitioner also

3

submitted a "supplemental petition for writ of habeas corpus" and "suggestions in support" of his petition, which reiterate the claims above. [Doc. ##10, 28].

Additional facts will be included as necessary.

## II. Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

### III. Discussion

#### A. Ground 1: Failure to Hold a New Probation Revocation Hearing

Petitioner first argues that the trial court erred by not holding a new probation revocation hearing after the post-conviction court determined that the trial court's May 3, 2012 order placing petitioner in long-term treatment was unlawful and unauthorized. In support of this claim, petitioner contends that the post-conviction court's grant of habeas relief set aside his prior admission to violating the terms of his probation and restored his status as a probationer.

The post-conviction court granted petitioner habeas relief solely on the basis of the statutorily unlawful nature of the May 3, 2012 sentence to long-term treatment. Resp't Ex. M at 8. The post-conviction court considered petitioner's requests for discharge from his November 25, 2008 sentences and for an order prohibiting the trial court from taking further action on his conceded violation of his second term of probation. Id. at 5-6. However, the court acknowledged its

5

inability to either release petitioner unconditionally or prohibit the trial court from using his prior admission of a probation violation against petitioner again. Id. First, the post-conviction court stated that it had no authority to order a sister circuit court to act or refrain from action as to petitioner. Id. Second, the post-conviction court concluded that even though the May 3, 2012 order was unlawful, the trial court was not prohibited from correcting its mistake and taking lawful action. Id. at 6-7. Thus, the post-conviction court set aside the disposition in the trial court's May 3, 2012 order placing petitioner in the long-term treatment program, but it did not set aside petitioner's admission to violating a condition of his probation, or the trial court's revocation of his probation.

On June 19, 2013, the trial court resumed sentencing of petitioner for violating the conditions of his probation. Resp't Ex. R. At the resentencing, counsel for petitioner argued that petitioner had reverted back to the status of a probationer, but conceded that petitioner had admitted to a violation of his probation on the record at the May 3, 2012 hearing. Id. at 8-9. The trial court asked counsel if petitioner was requesting to withdraw his admission to violating a condition of his probation and have a new probation revocation hearing. Id. at 10-11. Petitioner's counsel responded: "Well I think we do but I think what I'm saying is that Mr. Schamel prefers to admit to the violation as it was." Id. at 12. The court construed this response as a request for a new revocation hearing and asked for the state's position. The prosecutor suggested that petitioner was not entitled to a new revocation hearing since the record demonstrated that he had previously admitted to a violation and originally had received a lawfully-imposed sentence.

Petitioner's counsel also argued that petitioner had admitted to the violation of his probation at the May 3, 2012 hearing because he understood the state would ask for long-term treatment. Id. at 11. The prosecutor responded that the sentencing judge was not obligated to accept the parties' suggestions or requests at a probation revocation hearing. Id. at 14. Petitioner asserted his own legal arguments at the resentencing, asking the court to reinstate his probation despite his recognition that he could not receive a third term of probation. Id. at 15-23.

At the conclusion of the hearing, the trial court took judicial notice of the record of petitioner's seven-year sentences, petitioner's unequivocal admission to violating a condition of his probation at the May 3, 2012 hearing, the trial court's order revoking petitioner's probation, and the trial court's order for execution of the previously imposed sentences. Id. at 23-24. The court further noted its erroneous sentence placing petitioner in the long-term treatment program. Instead, the trial court ordered execution of petitioner's original sentences and preparation of an amended sentence and judgment by the clerk of the court.

Petitioner was entitled to a hearing prior to the revocation of his probationary status. Morrissey v. Brewer, 408 U.S. 471, 488 (1972) (parole revocation); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation revocation). In accordance with the minimum requirements of procedural due process, a "probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation." Black v. Romano, 471 U.S. 606, 612 (1985) (citing Gagnon,

7

411 U.S. at 786). "The probationer is also entitled to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation. Finally, the probationer has a right to the assistance of counsel in some circumstances." Id.

Petitioner had the opportunity to be heard at both the May 3, 2012 and the June 19, 2013 revocation hearings. He was represented by counsel at both hearings, unequivocally admitted to violating a condition of his probation at the May 3, 2012 hearing, and did not seek to withdraw his admission at the June 19, 2013 hearing. Resp't Ex. F at 16-20, Ex. R at 6-12. In granting habeas relief as to the May 3, 2012 order, the post-conviction court did not find that the hearing was procedurally inadequate, but rather solely set aside the trial court's order sentencing petitioner to the long-term treatment program. At both hearings, the trial court satisfied the two requisite components of a revocation hearing in accordance with the procedural requirements of due process; it engaged in "(1) a retrospective factual question whether the probationer ha[d] violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation." Black, 471 U.S. at 611. As such, the trial court's decision to accept petitioner's admission to violating a condition of his probation, revoke his probation and execute his sentences was not contrary to clearly established federal law.

### B. Ground 2: Written Notice of the Alleged Violations of Probation

Petitioner also alleges that he did not receive written notice of the alleged violations of his probation prior to the May 3, 2012 hearing, at which his probation was revoked. To comply with the requirements of due process, a probationer is

entitled to written notice of the claimed violations of his probation prior to the final revocation hearing. E.g., Black, 471 U.S. at 612; United States v. Pattman, 535 F.2d 1062, 1063 (8th Cir. 1976).

According to the record, the state filed motions to revoke petitioner's probation on December 19, 2011, citing an October 20, 2011 violation report. Resp't Ex. D, E. The motions provide notice of the forthcoming hearing on the motions, as well as certificates of service of the motions upon petitioner. On April 23, 2012, petitioner was taken into custody pursuant to a warrant. Resp't Ex. A, at 9. Prior to his arrest, three additional field violation reports were filed before the trial court. Id.

At the May 3, 2012 hearing, petitioner acknowledged awareness that the probation office had recommended revocation of his probation and informed the sentencing judge that he had applied for a public defender prior to the hearing. Resp't Ex. F, at 16. The judge placed the case on recall to allow contact with the public defender's office to be made and for a public defender to appear on petitioner's behalf. After his attorney appeared and in response to the judge's questions, petitioner stated that he had had enough time to visit with his attorney regarding the case and wanted to admit to a probation violation. Id. at 17-18. Thereafter, he was placed under oath and admitted to knowingly violating a condition of his probation. Id. at 17-18.

Petitioner did not allege that he had not received a copy of the motions to revoke his probation or the violation reports, nor claim that he was unaware of the alleged violations. He also did not contest the alleged violations, but rather admitted to a violation under oath. Accordingly, the record demonstrates that

9

petitioner was aware and had notice of the alleged violations of his probation, and waived any challenges to the allegations and revocation of his probation by admitting to a violation on the record at the hearing.

### C. Ground 3: Ineffective Assistance of Counsel at the May 3, 2012 Probation Revocation Hearing

Petitioner next asserts that he received ineffective assistance of counsel at the May 3, 2012 hearing, because the public defender appointed to represent petitioner did not have a legal file on him and he received an unlawful sentence at the hearing. To prevail on an ineffective assistance of counsel claim, petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With the first prong of Strickland, there exists a strong presumption that counsel's conduct fell within the wide range of professionally reasonable assistance. Id. at 689. For the second prong, petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Prior to the public defender's appearance on his behalf at the May 3, 2012 hearing, petitioner acknowledged awareness of the probation office's recommendation for revocation of petitioner's second probationary period with placement in the long-term treatment program. Resp't Ex. F, at 16 (Defendant: "I'm under the understanding that probation and parole recommended revocation with long term."). After petitioner was appointed counsel, the record demonstrates that petitioner responded to questions from the sentencing judge, stating that he had had a sufficient amount of time to speak with his attorney about the case and he intended to admit to violating a condition of his probation. Id. at 17-18.

10

Petitioner proceeded to knowingly admit to violating a condition of his probation. Id. at 18-19. At the conclusion of the hearing, petitioner stated that his attorney had done everything he asked and he had no complaints about the representation he received. Id. at 19-20.

A defendant has "'the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." Florida v. Nixon, 543 U.S. 175, 187 (2004) (internal quotations and citations omitted). Such decisions "cannot be made for the defendant by a surrogate." Id. Rather, "[c]oncerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action." Id. The sentencing judge confirmed with both petitioner and his counsel that he intended to admit to a violation of his probation and that he had had a sufficient amount of time to confer with his counsel regarding the admission and its effects. Resp't Ex. F at 17-18. Thus, the record does not overcome the strong presumption in favor of finding that counsel's conduct fell within the range of professionally reasonable assistance.

With respect to the unlawful disposition ordered at the May 3, 2012 hearing, the record of the June 19, 2013 hearing refutes any argument that petitioner would have withdrawn his admission to violating a condition of his probation if he knew he could not lawfully be placed in the long-term treatment program again. At the June 19, 2013 hearing, petitioner's counsel repeatedly stated that petitioner was not seeking to withdraw his earlier admission. Resp't Ex. R at 8 (stating that petitioner "is willing to admit to the same violation"); id. at 9 ("But yes he has admitted that on the record so we'll accept that as a violation of probation is what I'm saying."); id. at 12 (counsel stating that "what I'm saying is that Mr. Schamel prefers to admit

to the violation"). Petitioner spoke at length on his own behalf and did not express a desire to withdraw his earlier admission. The probation revocation court found that based on petitioner's unequivocal admission, it simply needed to amend the former sentence and judgment to set aside the unlawful portion of the May 3, 2012 disposition. Id. at 10, 24. As such, there is not a reasonable probability the result of the May 3, 2012 would have been different from the outcome reached at the June 19, 2013 hearing even if his May 3, 2012 counsel had informed him that re-placement in the long-term treatment program would be unlawful.

> **D. Ground 4: Independent Findings and Conclusions of the Probation Revocation Court**

For the fourth basis for relief, petitioner asserts that the probation revocation court failed to make independent findings and conclusions at the May 3, 2012 hearing apart from the probation office's recommendation. A revocation of probation must be preceded by a hearing at which a probationer has the opportunity to be heard, followed by "a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation." Black, 471 U.S. at 611-12. The factfinder does not have the obligation, however, to explain its consideration and rejection of alternative dispositions. Id. at 610-11, 615-16.

After petitioner cited his understanding that the probation office had recommended revocation of his probation with placement in the long-term treatment program, counsel for both parties were heard and petitioner admitted to violating a condition of his probation on the record, the trial court revoked petitioner's probation, ordered execution of his 2008 sentences, and placed petitioner in the long-term treatment program. Resp't Ex. F, at 16-22. As such, the trial court afforded petitioner a full opportunity to present mitigating factors and

propose alternative dispositions. Based on petitioner's admissions and the field violation reports, the trial court had sufficient evidence to support its finding that petitioner had violated the terms of his probation. The trial court did not fail to exercise its own independent discretion by ordering a disposition consistent with the probation office's recommendation.

### E. Ground 5: Right to Counsel at the January 18, 2011 Probation Revocation Hearing

Lastly, petitioner claims that he was not informed of his right to appointed counsel at the January 18, 2011 probation revocation hearing. If counsel had been appointed, petitioner argues, his original term of probation would not have been revoked. [Doc. #1, p. 15]. In Missouri, a probation revocation can only be challenged through a habeas corpus petition. E.g., Romano v. Wyrick, 681 F.2d 555, 556 (8th Cir. 1982). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment. Thus, the time in which petitioner had to challenge the January 18, 2011 probation revocation expired in January 2012. The record shows that petitioner filed his first state habeas petition in the Circuit Court of Webster County, Missouri on April 4, 2013. As such, any challenge to the January 18, 2011 probation revocation is untimely.[2]

### IV. Conclusion

For the reasons discussed above, the Court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law,

---

[2] Additionally, in his reply brief, petitioner states that he did not intend this claim to be a ground for relief. [Doc. #25, at 18].

or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

    A judgment in accordance with this Memorandum will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2015.